IN THE SUPREME COURT OF THE STATE OF DELAWARE

HANNA RICHARDS,[1] §
§ No. 41, 2025
    Respondent Below, §
    Appellant, § Court Below–Family Court
§ of the State of Delaware
    v. §
§ File No. 24-09-3TK
DEPARTMENT OF SERVICES § Petition No. 24-225535
FOR CHILDREN, YOUTH AND §
THEIR FAMILIES, DIVISION OF §
FAMILY SERVICES, §
§
    Petitioner Below, §
    Appellee. §

Submitted: June 11, 2025
Decided: June 26, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of appellant's brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26.1(c), the responses, and the Family Court record, it appears to the Court that:

(1)    The appellant, Hanna Richards ("Mother"), is the mother of a daughter, born in November 2022 (the "Child"). In March 2023, the Delaware Department of Services for Children, Youth and Their Families (DSCYF) opened a treatment case

---

[1] The Court previously assigned a pseudonym to the appellant under Supreme Court Rule 7(d).

for the Child after Mother and the Child's father, both of whom were under the influence of illegal substances, led the police in a high-speed car chase with the Child in the car. After Mother absconded from probation with the Child in August 2023, the Family Court awarded emergency custody of the Child to DSCYF. Between August 2023 and October 2024, the Family Court held the mandated hearings.[2] In September 2024, DSCYF moved to terminate Mother's parental rights based on her failure to plan for the Child's physical needs or mental and emotional health and development.

(2) Following an evidentiary hearing on January 7, 2025, the Family Court issued a written decision terminating Mother's parental rights in the Child.[3] The Family Court found that DSCYF had proved, by clear and convincing evidence, that the termination of Mother's parental rights was appropriate based on her failure to plan adequately for the Child's physical needs or mental and emotional health and development[4] and that the Child had been in DSCYF's custody for more than one year.[5] Finally, the Family Court examined the best-interests factors set out in 13

---

[2] When a child is removed from his home by DSCYF and placed in foster care, the Family Court is required to hold hearings at regular intervals under procedures and criteria detailed by statute and the court's rules. 13 *Del. C.* § 2514; Del. Fam. Ct. Civ. Proc. R. 212-219.

[3] The Family Court also terminated the parental rights of the Child's father, and we affirmed that decision on appeal. *Corbet v. Dep't of Servs. for Children, Youth and Their Families*, 2025 WL 1721451 (Del. June 20, 2025).

[4] 13 *Del. C.* § 1103(a)(5).

[5] *Id.* § 1103(a)(5)(a).

*Del. C.* § 722 and found, by clear and convincing evidence, that termination of Mother's parental rights was in the Child's best interest. Mother appeals.

(3) On appeal, Mother's counsel has filed an opening brief and a motion to withdraw under Rule 26.1(c). Counsel asserts that she has conducted a conscientious review of the record and the relevant law and has determined that Mother's appeal is wholly without merit. Counsel informed Mother of the provisions of Rule 26.1(c), provided her with a copy of counsel's motion to withdraw and the accompanying brief, and advised her that she could submit in writing any additional points that she wished for the Court to consider. Mother has not provided any points for the Court's consideration. DSCYF as the appellee and the Child's attorney from the Office of the Child Advocate have responded to the Rule 26.1(c) brief and argue that the Family Court's judgment should be affirmed.

(4) Having carefully reviewed the parties' positions and the record on appeal, we find that the Family Court's factual findings are supported by the record, and we can discern no error in the court's application of the law to the facts. We therefore conclude that Mother's appeal is wholly without merit and devoid of any arguably appealable issues. We are satisfied that Mother's counsel made a conscientious effort to examine the record and the law and properly determined that Mother could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family

Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice